UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-4776-M |
| | § | |
| BODYMEDIA, INC., | § | |
| | § | |
| Defendant. | § | |
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-4778-M |
| | § | |
| FITBIT, INC., | § | |
| | § | |
| Defendant. | § | |
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-4780-M |
| | § | |
| ALIPHCOM, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are the Motion to Transfer to the Western District of Pennsylvania [Docket Entry #19], filed by Defendant BodyMedia, Inc. ("BodyMedia"), the Motion to Transfer to the Northern District of California [Docket Entry #24], filed by Defendant Fitbit, Inc. ("Fitbit"), and the Motion to Transfer to the Northern District of California [Docket Entry #20],

filed by Defendant AliphCom d/b/a Jawbone ("AliphCom"). For the reasons set forth below, BodyMedia's Motion, Fitbit's Motion, and AliphCom's Motion are **GRANTED**.

## I. BACKGROUND

Plaintiff iLife Technologies, Inc. ("iLife") filed these three actions, and another, against Defendant Nintendo of America, Inc., in this Court, each alleging infringement of United States Patent Nos. 6,307,481, 6,703,939, 6,864,796, 7,095,331, 7,145,461, and 7,479,890 (collectively, the "Patents-in-Suit"). iLife is a Texas corporation with its principal place of business in Bedford, Texas. BodyMedia is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. Fitbit is a Delaware corporation with its principal place of business in San Francisco, California. AliphCom is a California corporation with its principal place of business in San Francisco, California.

## II. LEGAL STANDARD

### A. § 1391 Standard

Venue is proper in a judicial district in which any defendant resides if all defendants are residents of the state where that district is located, or in a district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). If no district meets these criteria, the action may be brought in any district where a defendant is subject to the court's personal jurisdiction with respect to the action. *Id.*

### B. § 1404(a) Standard

A court may, "[f]or the convenience of the parties and witnesses" and in "the interest of justice," transfer a case to any district in which the case could have been brought under 28 U.S.C. § 1391. 28 U.S.C. § 1404(a). In deciding whether to transfer, the court has "broad discretion[.]" *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 311 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). However, the Fifth Circuit requires courts to consider a variety of private and

public interest factors in making the transfer decision. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.,* 358 F.3d 337, 340 (5th Cir. 2004); *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.,* No. 4:09–CV–386–Y, 2009 WL 4884430, at *2 (N.D. Tex. Dec. 17, 2009) (Means, J.).

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* Fifth Circuit precedent clarifies that the plaintiff's choice of venue is not a distinct factor in the § 1404(a) analysis, but "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 314-15.

## III.  DISCUSSION

### A.  Proper venue under § 1391

As an initial matter, the Court must determine whether these cases could properly be brought in the proposed alternative venues under § 1391. iLife concedes that its lawsuits against each Defendant could have been brought in the Defendants' preferred venues, and the Court agrees.

B.     **Private Interest Factors**

    1.     **The relative ease of access to sources of proof**

iLife asserts that all of its documents and business records, as well as those concerning its related companies[1] and the Patents-in-Suit, are maintained in the Northern District of Texas, while BodyMedia, Fitbit, and AliphCom maintain that the significant majority of their physical and documentary evidence related to this case is located at their headquarters and offices in their preferred districts. The Court concludes that this factor is neutral with respect to the Motions of BodyMedia, Fitbit, and AliphCom, given that these parties and iLife have each offered evidence that a significant number of documents and other evidence are located within their preferred districts.

    2.     **The availability of compulsory process to secure the attendance of witnesses**

iLife argues that two of its proposed witnesses in this case—Edward L. Massman, a named inventor of many of the Patents-in-Suit and a former President of iLife's related companies, and Charles M. Edwards, a Chief Financial Officer and Vice President of Operations for iLife's related companies—are significant to the cases and only within the subpoena power of a court in this district. iLife argues for the importance of subpoena power over these witnesses in particular, given that their employment with iLife's related companies ended acrimoniously. BodyMedia, Fitbit, and AliphCom each offer evidence that the majority of the personnel responsible for the research, design, and development of the accused products reside and work in or near their preferred venues, and identify third-party witnesses, including inventors of the accused products and alleged prior art, who also reside in those venues, such that only the

---

[1] iLife Systems, Inc. f/k/a Caring Technologies, Inc. ("iLife Systems") was a Delaware corporation formed in 1985 that developed the Patents-in-Suit. In 2001, iLife Solutions, Inc. ("iLife Solutions"), a Delaware corporation, was formed as the successor to iLife Systems. In 2012, iLife was formed, and iLife Solutions assigned to it the Patents-in-Suit, with the goal of licensing the technology and enforcing the patents.

transferee courts would have subpoena power over them.

While iLife's proposed third-party witnesses, Mr. Massman and Mr. Edwards, could not be compelled to appear in the preferred venues of BodyMedia, Fitbit, and AliphCom, the Court concludes that such witnesses are not sufficiently essential to counterbalance the importance of the Defendants' proposed witnesses, particularly the developers and creators of the accused products, who reside in the Defendants' preferred districts. The Court finds that the testimony of Mr. Massman and Mr. Edwards would likely be duplicative of other key willing witnesses for iLife such as Michael L. Lehrman, iLife's CEO and a co-inventor of all six of the Patents-in-Suit, who resides in Washington, D.C., and Michael E. Halleck, who resides in Colorado, and is the only other inventor named on all of the Patents-in-Suit, and who iLife "expect[s] to tell the invention story." Pl.'s Resp. to BodyMedia's Mot. 10. Accordingly, the Court concludes that this factor favors transfer.

### 3. The cost of attendance for willing witnesses

Each of the parties identifies employees and willing witnesses in or near their preferred venues, and argues that their employees and willing witnesses would travel a shorter distance and enjoy greater convenience in their preferred venues. However, BodyMedia, Fitbit, and AliphCom each identify third-party witnesses who are the inventors of alleged prior art references for whom their preferred districts would be more convenient. The Court finds that this factor thus weighs slightly in favor of transfer with respect to the Motions of BodyMedia, Fitbit, and AliphCom.

### 4. All other practical problems

iLife argues that the gains in judicial economy to be delivered by this Court adjudicating each action concerning the Patents-in-Suit suggests that this factor weighs against transfer, while

BodyMedia maintains that, if the Court finds that transfer to its preferred venue is unwarranted, it would consent to transfer of its case to the Northern District of California to vindicate such efficiency interests. First, if BodyMedia had not clearly shown the more convenient forum for suit against it would be the Western District of Pennsylvania, where BodyMedia is headquartered and where its executives and the developers of its accused products are purportedly located, then the Court would be unlikely to find that the Northern District of California, for which BodyMedia has shown, at best, a minimal local interest or quantity of evidence or witnesses, and which is located on the opposite coast of its headquarters, would be clearly more convenient than this forum. Second, the America Invents Act mandates that Courts adjudicate patent suits against separate defendants separately, 35 U.S.C. § 299 (2011), so the parties' arguments concerning efficiency are unavailing. *See GeoTag, Inc. v. Starbucks Corp.*, 2:10-CV-572, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013) (holding that under the America Invents Act, related patent cases were not relevant to the transfer analysis, even where such cases were in their infancy). Accordingly, the Court finds that this factor is neutral.

## C. Public Interest Factors

### 1. The administrative difficulties flowing from court congestion

Each of the parties presents statistics comparing this district's median interval from filing to disposition and from filing to trial for civil cases to those of the Defendants' preferred districts. The Court finds that this factor is neutral, particularly given that the statistics cited by all parties do not refer specifically to patent cases, and that any differences in such statistics for the different venues are not material.

### 2.     The local interest in having localized interests decided at home

The Court finds that this factor weighs in favor of transfer of the suits against BodyMedia, Fitbit, and AliphCom, given that they are headquartered in their preferred districts and that many of the developers responsible for designing and inventing the accused products are located in those districts. In contrast, iLife's presence in this district is largely, if not exclusively, focused on its litigation efforts here, with few relevant employees located in this district.

### 3.     The familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law

The parties agree that, because this matter arises under federal patent law, there is no potential for a conflict in the law to be applied, and all of the proposed courts are equally capable of applying the law that will govern the case. These factors are thus neutral.

## IV.    CONCLUSION

With respect to the Motions of BodyMedia, Fitbit, and AliphCom, the Court concludes that transfer to these Defendants' preferred venues is warranted in light of: (1) the ability of the proposed transferee courts to subpoena the most relevant witnesses, including inventors of the accused products and alleged prior art; (2) the fact that the unwilling third-party witnesses identified by iLife over whom this Court would have subpoena power would likely offer testimony that is largely duplicative of its willing witnesses; and (3) the fact that BodyMedia, Fitbit, and AliphCom are headquartered and do business in their preferred venues while iLife's presence in this district is largely litigation-focused, giving the proposed transferee districts stronger local interests than this Court's. For the foregoing reasons, the Court **GRANTS** the Motions of BodyMedia, Fitbit, and AliphCom, and transfers the suits against them to the Western District of Pennsylvania, the Northern District of California, and the Northern District

of California, respectively.

**SO ORDERED**.

July 22, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS