**DURIE TANGRI LLP**
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
SONALI D. MAITRA (SBN 254896)
smaitra@durietangri.com
TIMOTHY C. SAULSBURY (SBN 281434)
tsaulsbury@durietangri.com
MICHAEL A. FELDMAN (SBN 295780)
mfeldman@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
FITBIT, INC.

**MUNCK WILSON MANDALA, LLP**
Michael C. Wilson (*Pro Hac Vice*)
mwilson@munckwilson.com
S. Wallace Dunwoody (*Pro Hac Vice*)
wdunwoody@munckwilson.com
12770 Coit Road, Suite 600
Dallas, Texas 75251
Tel:  (972) 628-3600
Fax: (972) 628-3616

**FREITAS ANGELL & WEINBERG LLP**
Robert E. Freitas (CA Bar No. 80948)
rfreitas@fawlaw.com
Daniel J. Weinberg (CA Bar No. 227159)
dweinberg@fawlaw.com
Jessica N. Leal (CA Bar No. 267232)
jleal@ftklaw.com
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Tel:  (650) 730-5527
Fax: (650) 593-6301

Attorneys for Plaintiff,
ILIFE TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ILIFE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FITBIT, INC., <br><br> Defendant. | Case No. 3:14-cv-03338-WHO <br><br> **CORRECTED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> Ctrm:  2 - 17th Floor <br> Judge:  Honorable William H. Orrick |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties to the above-titled action, Plaintiff iLife Technologies, Inc. ("iLife" or "Plaintiff") and Defendant Fitbit, Inc. ("Fitbit" or "Defendant"), jointly submit this Case Management Statement and Proposed Order. Counsel for the parties met and conferred pursuant to Rule 26(f) on September 30, 2014, and agreed as follows:

**1.      Jurisdiction & Service**

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq*. On July 23, 2014, this case was transferred from the Northern District of Texas to this Court. At this time, no issues exist regarding personal jurisdiction or service.

**2.      Facts**

Plaintiff filed its complaint on December 6, 2013 (Dkt. No. 1). Plaintiff contends that Defendant infringes United States Patent Nos. 6,307,481, 6,703,939, 6, 864,796, 7,095,331, 7,145,461, and 7,479,890 (the "Asserted Patents") by making, using, importing, selling, or offering to sell in or into the United States, without authority, certain products that fall within the scope of the Asserted Patents, as well as services related to those products.

Defendant filed its answer on January 17, 2014. (Dkt. No. 14.) Defendant contends that it does not infringe the Asserted Patents and that the Asserted Patents are invalid.

On March 14, 2014 Defendant filed a motion to transfer this case to the Northern District of California. Judge Barbara M. G. Lynn held a hearing on Defendant's motion to transfer on June 12, 2014 and granted Defendant's motion. Judge Lynn issued a Memorandum Opinion and Order on July 22, 2014 and transferred this case to the Northern District of California on July 24, 2014.

**3.      Legal Issues**

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;
- Whether Defendant infringes any or all of the Asserted Patents;
- Whether the Asserted Patents are invalid;

- Whether Plaintiff's claims are barred, in whole or in part, by any defense raised by Defendant; and
- The amount of damages Plaintiff is entitled to recover upon a finding that the Asserted Patents are valid and infringed.

**4.     Motions**

None at this time.

**5.     Amendment of Pleadings**

The parties agree and propose November 28, 2014, as the deadline to amend the pleadings without seeking leave of Court. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline. Thereafter, a party may amend the pleadings only with leave of Court upon a showing of good cause.

**6.     Evidence Preservation**

**The parties certify that they have** reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The parties exchanged Rule 26(a)(1)(A) disclosures on March 7, 2014.

**8.     Discovery**

a. <u>Federal Rules Apply</u>. The parties agreed that discovery should be conducted in accordance with the Federal Rules of Civil Procedure, except as noted here.

b. <u>Privilege Log</u>. The parties agree not to log attorney-client communications with and work product created by outside counsel after the filing of the lawsuit or relating to other litigation on the patents.

c. <u>Format for Production</u>. Documents may be produced as PDF or TIFF files. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. Regardless of production format, if a document is more than

one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Each TIFF file and each page of a produced PDF shall be labeled with a unique Bates number. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. Additionally, in the event that production of a document in PDF or TIFF format would be impracticable, the producing party shall have the option of producing such document in native format. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

    d.    <u>Search terms</u>. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail").To obtain e-mail parties must propound specific e-mail production requests directed at specific issues in the litigation. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. A requesting party shall limit its e-mail production requests to a total of seven custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. Each requesting party shall limit its e-mail production requests to a total of seven search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word

     or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

  e. <u>Clawback Agreement</u>. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

  f. <u>Modifications</u>. These restrictions may be modified by agreement or for good cause shown.

**9. Class Actions**

Not applicable.

**10. Related Cases**

The following cases involve the same Plaintiff and Asserted Patents but different defendants and accused products:

*iLife Technologies, Inc. v. Aliphcom*, No. 4:14-cv-03345-WHA, pending in the Northern District of California;

*iLife Technologies, Inc. v. Body Media, Inc.*, No. 14-990, pending in the Western District of Pennsylvania;

*iLife Technologies, Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987-M, pending in the Northern District of Texas, Dallas Division.

Plaintiff will file an Administrative Motion to Consider Whether Cases Should be Related with respect to this case and Case No. 4:14-cv-03345-WHA.

**11. Relief**

Plaintiff seeks an entry of judgment finding that Defendant infringes the Asserted Patents and awarding Plaintiff a reasonable royalty based on the *Georgia Pacific* factors. The royalty base will be

determined by Defendant's actual sales of infringing products and services. The royalty percentage will be the subject of expert testimony to be disclosed in accordance with the Court's Scheduling Order.

Defendant seeks an entry of judgment that Defendants do not infringe the Asserted Patents, that the Asserted Patents are invalid, and that Defendant is entitled to its costs and award of attorneys' fees under Section 285 of the Patent Act.

**12.    Settlement and ADR**

The parties propose mediation as the form of alternative dispute resolution with the deadline to mediate after discovery is complete. The parties will work together to identify an appropriate mediator for this case.

**13.    Consent to Magistrate Judge For All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

**None at this time.**

**16.    Expedited Trial Procedure**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17.    Scheduling**

| Event | Proposed Deadline |
|---|---|
| Initial disclosures | Completed March 7, 2014 |
| Case management conference | October 21, 2014 |
| Pat. L.R. 3-1, 3-2 (asserted claims, infringement contentions, and accompanying document production) | Completed March 7, 2014 |
| Pat. L.R. 3-3, 3-4 (invalidity contentions and accompanying document production) | Completed May 6, 2014 |

5
CORRECTED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER / CASE NO. 3:14-CV-03338-WHO

| Event | Proposed Deadline |
|---|---|
| Pat. L.R. 4-1 (exchange proposed terms for construction) | Completed May 19, 2014 |
| Add parties without leave | Completed May 30, 2014 |
| Pat. L.R. 4-2 (exchange preliminary claim constructions and extrinsic evidence) | Completed June 9, 2014 |
| Amended Pat. L.R. 3-1 Disclosure; Plaintiff will reduce asserted claims to 32 | October 21, 2014 |
| Amended Pat. L. R. 3-3, 3-4 Disclosure; Defendant will reduce asserted prior art references to 32 | December 5, 2014 |
| Amend pleadings without leave | November 28, 2014 |
| Pat. L.R. 4-4 (complete claim construction discovery) | December 15, 2014 |
| Pat. L.R. 4-3 (Joint Claim Construction Prehearing Statement) | January 15, 2015 |
| Pat. L.R. 4-5(a) (Plaintiff's opening claim construction brief | February 28, 2015 |
| Pat. L.R. 4-5(b) (Defendant's responsive claim construction brief) | March 13, 2015 |
| Pat. L.R. 4-5(c) (Plaintiff's reply claim construction brief) | March 25, 2015 |
| Pat. L.R. 4-6 (Claim Construction Hearing, including technology tutorial) | Subject to the Court's schedule |
| Plaintiff will reduce asserted claims to 15 | 21 days from the Court's claim construction ruling |
| Defendant will reduce asserted prior art references to 15 | 14 days after Plaintiff's reduction of asserted claims |
| Close of Fact Discovery | 30 days from the Court's claim construction ruling (but not earlier than July 15, 2015) |
| Opening Expert Reports | 30 days from the Court's claim construction ruling |

| Event | Proposed Deadline |
|---|---|
| Responsive Expert Reports | 60 days from the Court's claim construction ruling |
| Reply Expert Reports | 75 days from the Court's claim construction ruling |
| Close of Expert Discovery | 120 days from the Court's claim construction ruling |
| Expert and Dispositive Motion Deadline | 150 days from the Court's claim construction ruling |
| Motions in Limine | Subject to the Court's schedule |
| Pretrial Hearing | Subject to the Court's schedule |
| Trial | Subject to the Court's schedule |

**18.    Trial**

A trial date in this case depends primarily on when the Court rules on claim construction. The parties estimate that trial should last no longer than 5 business days.  Both parties have demanded a jury trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiff iLife Technologies, Inc. is a wholly-owned subsidiary of iLife Solutions, Inc. No public company owns 10% or more of either iLife entity's stock.

Defendant Fitbit, Inc. has no parent corporation and no public company owns 10% or more of its stock.

**20.    Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the

following additional matters:

<u>Compliance with Local Patent Rules</u>. Before the case was transferred to this Court from the Northern District of Texas, Plaintiff served infringement contentions and accompanying documents, Defendant served invalidity contentions and accompanying documents, and the parties exchanged proposed claim terms and proposed constructions under the local patent rules in the Northern District of Texas, which are based upon the local patent rules of this Court. The parties agree that those prior exchanges shall satisfy their obligations under Pat. L.R. 3-1 to 4-2 of this Court; however, the parties have agreed to provide supplemental contentions in this jurisdiction.

<u>Claim Construction Hearing</u>. The parties will work together in an effort to agree on an appropriate order of presentation of evidence and argument at the Claim Construction Hearing. The parties do not believe the Court will need to hear live testimony at the Claim Construction Hearing.

<u>Technology Tutorial</u>. The parties believe that a technology tutorial may be useful to the Court. The parties propose holding a 1-hour prehearing conference during which each side will make a 20-minute presentation about the technology and answer questions from the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  October 15, 2014

By:  */s/ S. Wallace Dunwoody*
Michael C. Wilson (pro hac vice)
mwilson@munckwilson.com
S. Wallace Dunwoody (pro hac vice)
wdunwoody@munckwilson.com
MUNCK WILSON MANDALA, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Phone: (972) 628-3600
Fax: (972) 628-3616

Robert E. Freitas
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Phone: (650)-730-5527
Fax: (650)-593-6301

ATTORNEYS FOR PLAINTIFF,
ILIFE TECHNOLOGIES, INC.

Dated: October 15, 2014

By: */s/ Clement S. Roberts*
Clement S. Roberts
croberts@durietangri.com
Sonali D. Maitra
smaitra@durietangri.com
Timothy C. Saulsbury
tsaulsbury@durietangri.com
Michael A. Feldman
mfeldman@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
Facsimile:     415-236-6300

ATTORNEYS FOR DEFENDANT
FITBIT, INC.

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Clement S. Roberts, attest that concurrence in the filing of this document has been obtained.

Dated: October 15, 2014

*/s/ Clement S. Roberts*
Clement S. Roberts

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT JUDGE
THE HONORABLE WILLIAM H. ORRICK

9
CORRECTED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER / CASE NO. 3:14-CV-03338-WHO